FILED IN OPEN COURT
ON 1/23/2018
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-303-1D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL INFORMATION |
| | ) |
| MATTHEW LEE YENSAN | ) |

The United States Attorney charges:

## COUNT ONE

On or about September 12, 2017, in the Eastern District of North Carolina, the defendant, MATTHEW LEE YENSAN, did knowingly and intentionally possess with the intent to distribute a quantity of Alprazolam (Xanax), a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO

Beginning on a date unknown, but no later than January 1, 2016, and continuing up to September 12, 2017, in the Eastern District of North Carolina, the defendant, MATTHEW LEE YENSAN, did knowingly and intentionally distribute a quantity of Alprazolam (Xanax), a Schedule IV controlled substance, Alprazolam, by means of the Internet, in violation of Title 21, United States Code, Section 841(h).

## COUNT THREE

On or about September 12, 2017, in the Eastern District of North Carolina, the defendant, MATTHEW LEE YENSAN, did knowingly possess firearms in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with the intent to distribute Alprazolam (Xanax), in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count One of this indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FOUR

On or about the dates hereinafter set forth, within the Eastern District of North Carolina and elsewhere, the defendant did knowingly engage and attempt to engage in monetary transactions, as that term is defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, violations of Title 21, United States Code, Sections 841(a)(1) and 846. The allegations made in this paragraph are alleged in the following table of this Criminal Information:

| Count | Date (On or About) | Financial transaction (Amounts Approximate) |
|---|---|---|
| 4 | 4/11/2016 | Purchase of a 2014 Chevrolet Corvette from Hendrick Chevrolet in the amount of $13,700 |

2

Each entry in the above table constitutes a separate violation of Title 18, United States Code, Section 1957.

COUNT FIVE

On or about the dates hereinafter set forth, within the Eastern District of North Carolina and elsewhere, the defendant did knowingly transport, transmit, transfer, and attempt to transport, transmit, and transfer, monetary instruments or funds, from a place in the United States to, or through, a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, violation of Title 21, United States Code, Sections 841(a)(1) and 846, in violation of Title 18, United States Code, Section 1956(a)(2)(A). The allegations made in this paragraph are alleged in the following table of this Criminal Information:

| Count | Date (On or About) | Financial transaction (Amounts Approximate) |
|---|---|---|
| 5 | October 14, 2014 | Defendant, under the name JACOB KNIGHT, sent $1200 to Postal Savings Bank of China, Huatong Sq., 187 Helong 6 Rd, Yongkang, China |

FORFEITURE NOTICE

The defendant is given notice of the provisions of Title 21 United States Code, Section 853, Title 18, United States Code, Section 924(d)(1), and Title 18, United States Code, Section 982(a)(1) that all of his interest in all property specified herein is subject to forfeiture.

As a result of the controlled substance offenses set forth in Counts One and Two of the Indictment, the defendant shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged, or any property traceable to such property. As a result of the firearms offense stated in Count Three, the defendant shall forfeit to the United States any and all firearms or ammunition involved in or used in the offense. As a result of the money laundering offenses stated in Counts Four and Five, the defendant shall forfeit to the United States any and all property involved in the offense, or any property traceable thereto.

The property to be forfeited includes, but is not limited to, the following:

1. Glock Pistol model 27, .40 cal (S/N BCL 403);
2. Smith & Wesson Revolver .357 (S/N CMM 2086);

4

3. Colt King Cobra Revolver .357 (S/N EC3715);

4. MP-5 22lr, (S/N A363147);

5. All accompanying ammunition;

6. Two Bitcoin Cold-Storage Cards;

7. 2014 Chevrolet Colorado, VIN 1GCGTCE39F1250141;

8. 2014 Chevrolet Corvette, VIN 1G1YM2D76F5108670;

9. Two Jet Skis, VIN YDV06461A414, and VIN YDV41775B515, along with Jet Ski trailer, VIN 4TCSM112XHHL40505;

10. 3 pill presses;

11. $269,068.00 in cash seized from the Defendant's house;

12. 182.7462777 Bitcoin in a Trezor device wallet with an approximate value of $1,507,099.72 (as of 11/22 AM); and

[THIS SECTION INTENTIONALLY LEFT BLANK]

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

ROBERT J. HIGDON, JR.
United States Attorney

BY: BENJAMIN O. ZELLINGER
Special Assistant United States Attorney