IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:17-CR-00303-D-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **MOTION FOR ISSUANCE OF** |
| v. | : | **PRELIMINARY ORDER OF** |
| | : | **FORFEITURE** |
| MATTHEW LEE YENSAN | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, requests that the Court issue a preliminary order of forfeiture in the above criminal action. In support of this motion, the Government shows unto the Court the following:

1. On January 23, 2018, the defendant, Matthew Lee Yensan, was charged in a Criminal Information with violations of the Controlled Substance Act, specifically, 21 U.S.C. §§ 841(a)(1) & (h), Gun Control Act, specifically, 18 U.S.C. § 924(c)(1)(A)(i), and Money Laundering Control Act, specifically, 18 U.S.C. §§ 1956 & 1957.

2. On January 23, 2018, the defendant entered into a Plea Agreement as to the Criminal Information and agreed to forfeit certain property belonging to the defendant, to wit:

1. Glock Pistol model 27, .40 cal (S/N BCL 403);

2. Smith & Wesson Revolver .357 (S/N CMM 2086);

1

3. Colt King Cobra Revolver .357 (S/N EC3715);

4. MP-5 22lr, (S/N A363147);

5. All accompanying ammunition; and

6. 3 pill presses.

The remaining items listed in the aforementioned Criminal Information have been administratively forfeited by The Drug Enforcement Administration.

2. On May 25, 2018 the defendant executed a consent to forfeiture and agreed to forfeit certain additional property belonging to the defendant, to wit: 1000 Litecoin with an approximate value at the time of seizure of $53,000 (9/12/17); 1.43974105 Bitcoin with an approximate value at the time of seizure of $8,062.91 (10/17/17); and .83581392 Bitcoin with an approximate value at the time of seizure of $7,216.41 (3/16/18). The defendant stipulated that the forfeited property was involved in the violation(s) to which he pled, and that the above mentioned property is hereby subject to forfeiture pursuant to 21 U.S.C. § 853. The defendant further stipulated that a preliminary order of forfeiture in this matter may be entered immediately and become final as to him immediately, as allowed by Fed. R. Crim. P. 32.2(b)(4)(A).

3. The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), and 18 U.S.C. §

982(a)(1). 21 U.S.C. § 853(a) provides that with respect to any person convicted of a violation punishable by imprisonment for more than one year "[t]he Court, in imposing sentence..., shall order ...that the person forfeit to the United States all property described in this subsection," that is, all property constituting, or derived from, any proceeds the defendants obtained directly or indirectly as a result of the said offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged, or any property traceable to such property. Furthermore, 18 U.S.C. § 924(d)(1) provides that any firearms or ammunition involved in or used in a knowing violation of 18 U.S.C. § 924(c) shall be subject to seizure and forfeiture. This civil forfeiture may be pursued in the criminal proceeding by virtue of 28 U.S.C. § 2461(c). Finally, 18 U.S.C. § 982(a)(1) provides for the forfeiture of all property involved in violations of 18 U.S.C. §§ 1956 & 1957.

  4. Pursuant to the defendant's guilty plea and his consent to forfeiture, the Government requests that the Court enter, as the statute requires, a preliminary order of forfeiture regarding the subject property.

  5. Upon the issuance of a preliminary order of forfeiture, pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property

3

in such manner as the Attorney General directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

6. Once the extent of a defendant's forfeiture of property is determined by special verdict or stipulation, forfeiture is statutorily mandated. 21 U.S.C. § 853(a). The Court does have the authority to set the "terms and conditions" of seizure of the subject property, but seizure at the time of the entry of the preliminary order of forfeiture is presumed. 21 U.S.C. § 853(e).

WHEREFORE, based on the foregoing, the Court is requested to order, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 18 U.S.C. § 982, that the subject property be preliminarily forfeited to the United States, and that upon resolution of all third-party claims and entry of a final order of forfeiture, that said subject

4

property be disposed of in accordance with law, including destruction.

Respectfully submitted this 31st day of May, 2018.

ROBERT J. HIGDON, JR.
United States Attorney


BY: /s/ Stephen A. West
    STEPHEN A. WEST
Assistant United States Attorney
Attorney for Plaintiff
Civil Division
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, N. C. 27601-1461
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: steve.west@usdoj.gov
NC State Bar #12586

CERTIFICATE OF SERVICE

I certify that I have on this 31st day of May, 2018, served a copy of the foregoing Motion for Preliminary Order of Forfeiture upon counsel electronically and/or by mailing a copy of the same in a postpaid envelope to:

Rosemary Godwin
Email: rosemary@rosemarygodwinlaw.com


                                ROBERT J. HIGDON, JR.
                                United States Attorney


                                BY:  /s/ Stephen A. West
                                     STEPHEN A. WEST
                                Assistant United States Attorney
                                Attorney for Plaintiff
                                Civil Division
                                310 New Bern Avenue
                                Federal Building, Suite 800
                                Raleigh, N. C. 27601-1461
                                Telephone: (919) 856-4530
                                Facsimile: (919) 856-4821
                                E-mail: steve.west@usdoj.gov
                                NC State Bar #12586

6